**JUDGE CASTEL**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN KAUFMAN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    against<br><br>ZABAR'S & CO., INC.,<br><br>    Defendant. | COMPLAINT<br><br>____ CV ____<br><br>Class Action<br><br>Jury Demanded |

Comes now Plaintiff JAN KAUFMAN, on behalf of herself and all others similarly situated, and alleges as follows:

### INTRODUCTION

1. Plaintiff is bringing this action against Zabar's & Co., Inc. for violating the 2003 "FACTA" amendments to the Fair Credit Reporting Act. Congress enacted the Fair and Accurate Credit Transactions Act to help prevent identity theft, and credit and debit card fraud. Specifically, Congress prohibited businesses from printing more than the last five digits of credit or debit card numbers or the expiration date upon any receipt provided to the cardholder. Despite having had several years to comply with the law, Defendant has willfully violated the FACTA amendments with respect to thousands of customers by printing out more than the last five digits or the expiration dates of consumers' credit card or debit card on thousands of receipts. By leaving these key pieces of information on the receipts, Defendant has opened Plaintiff – and thousands of other consumers – up to identity theft. Therefore, Defendant is liable to Plaintiff and the proposed class of similarly situated customers under the Fair Credit Reporting Act (hereinafter "FCRA").

1

## THE PARTIES

2. Plaintiff JAN KAUFMAN is an individual who resides in New York, New York.

3. Kaufman is a "consumer" as defined by § 1681a(c) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

4. Under Federal Rules of Civil Procedure 23(a) and 23(b)(3), Plaintiff seeks to represent a nationwide class of consumers.

5. Defendant ZABAR'S & CO., INC. (hereinafter "ZABARS" or "the Defendant") is a New York Corporation which has its principal place of business located at 2245 Broadway, New York, New York 10024.

## STATUTORY BACKGROUND

6. In 2003, Congress passed and the President signed, the Fair and Accurate Credit Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> "This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs . . . With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft."

7. A main provision of FACTA (codified as 15 U.S.C. § 1681c(g)) of the Fair Credit Reporting Act) provides that:

> "No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

15 U.S.C. § 1681c(g)(1).

8. With respect to machines that print receipts that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on or after December 4, 2004.

9. With respect to machines that print receipts that were in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. § 168Ic(g)(1) on or after December 4, 2006.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §§1681p.

11. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) in that this is the judicial district in which the Defendant resides and has its primary place of business.

12. Venue is also proper under 28 U.S.C. § 1391(b) because the Defendant conducts business throughout this district and has violated the law in this district in the manner alleged in this Complaint, and because a substantial part of the events and omissions giving rise to the claims occurred in this district.

## FACTS

13. The Defendant transacts business in the United States and accept credit cards and debit cards in the course of transacting business with persons like Plaintiff. In transacting business, the Defendant uses cash registers and other machines or devices that electronically print receipts for credit card and debit card transactions.

14. On the following dates, ZABARS provided Plaintiff with an electronically printed receipt, at the point of a sale or transaction, on which ZABARS printed the expiration date of

Plaintiff's credit card: February 21, 2007, March 25, 2007, March 26, 2006, June 21, 2007, July 26, 2007.

15. Upon information and belief, ZABARS is a "person that accepts credit cards or debit cards for the transaction of business" under FCRA and under the definition of "person" set forth in FCRA.

16. Upon information and belief, ZABARS knew of, or should have known of, and was informed about FACTA, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates. For example, but without limitation, several years ago, on information and belief. VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, Mastercard, Discovery, American Express and JCB), companies that sell cash register and other devices for the processing of credit or debit card payments and other entities informed ZABARS about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and ZABARS's need to comply with same.

17. In addition, upon information and belief, VISA, MasterCard, and many other companies devised and implemented policies well before the operative date of FACTA's requirements, wherein companies like VISA and MasterCard and others required ZABARS (and informed ZABARS of the FACTA requirements) to truncate credit card and debit card numbers and prevent the printing of expiration dates on receipts. For example, on March 6, 2003, VISA USA's CEO, Carl Pascarella, held a press conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy, and publicly announced VISA USA's

new truncation policy to protect consumers from identity theft. At the March 2003 press conference, Mr. Pascarella explained as follows:

> "Today I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether. This is an added security measure for consumers that doesn't require any action by the cardholder. We are proud to be the first payments brand to announce such move to protect cardholders' identities by restricting access to their account information on receipts.
>
> The first phase of this new policy goes into effect July 1, 2003 for all new terminals. I would like to add, however, that even before this policy goes into effect, many merchants have already voluntarily begun truncating receipts, thanks to groundwork that we began several years ago.
>
> Receipt truncation is good news for consumers, and bad news for identity thieves. Identity thieves thrive on discarded receipts and documents containing consumers' information such as payment account numbers, addresses, social security numbers, and more. Visa's new policy will protect consumers by limiting the information these thieves can access"

18. Many of ZABARS's business peers and competitors readily brought their credit and debit card receipt printing process in compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number or the expiration date upon the receipts provided to the cardholders. ZABARS could have readily done the same.

19. Upon information and belief, despite knowing and being repeatedly informed about FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with FACTA's requirements, ZABARS willfully violated and continue to

violate FACTA's requirements by, *inter alia*, printing more than five digits of the card number or the expiration date upon receipts with persons with whom ZABARS transacts business.

## CLASS ALLEGATIONS

20.  Plaintiff brings this class action on behalf of herself and all others similarly situated under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

21.  Plaintiff seeks to represents two classes of persons to be defined as follows:

**CLASS A**: All persons in the United States to whom, on or after January 1, 2005, ZABARS provided, through use of a machine that was first put into use by ZABARS on or after January 1, 2005, an electronically printed receipt at the point of a sale or transaction on which ZABARS printed more than the last five digits of the person's credit card or debit card number or printed the expiration date of the person's credit or debit card.

**CLASS B**: All persons in the United States to whom, on or after December 4, 2006, ZABARS provided, through use of a machine that was being used by ZABARS before January 1, 2005, an electronically printed receipt at the point of a sale or transaction on which ZABARS printed more than the last five digits of the person's credit card or debit card number or printed the expiration date of the person's credit or debit card.

22.  Numerosity: Each of the classes described above in paragraph 39 are so numerous that joinder of all individual members in one action would be impracticable. The disposition oaf the individual claims of the respective class members through this class action will benefit both the parties and this Court.

23.  Upon information and belief, there are, at minimum, thousands of members of each of the respective classes described above.

24. The exact size of CLASS A and CLASS B and the identities of the individual members thereof are ascertainable through ZABARS's records, including but not limited to ZABARS's sales and transaction records.

25. Members of CLASS A and CLASS B may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, email notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary or appropriate by the Court.

26. <u>Typicality</u>: Plaintiff's claim is typical of the claims of the members of CLASS A and CLASS B. The claims of the Plaintiff and members of CLASS A and CLASS B are based on the same legal theories and arise from the same unlawful and willful conduct.

27. Plaintiff and members of CLASS A and CLASS B were each customers of ZABARS, each having made a purchase or transacted other business with ZABARS at an applicable time on or after December 4, 2004 using a credit card or debit card. At the point of sale or transaction with Plaintiff and members of CLASS A and CLASS B, ZABARS provided to Plaintiff and each member of CLASS A and CLASS B a receipt in violation of 15 U.S.C. § 1681c(g).

28. <u>Common Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the members of CLASS A and CLASS B.

29. The questions of fact and law common to CLASS A and CLASS B predominate over questions which may affect individual members and include the following:

(a) Whether ZABARS's conduct of providing Plaintiff and the members of CLASS A and CLASS B with a sales or transaction receipt whereon ZABARS printed more than

the last five digits of the credit card or debit card or the expiration date of the credit card violated the FACTA, 15 U.S.C. § 1681c(g);

(b) Whether ZABARS's conduct was willful;

(c) Whether Plaintiff and members of CLASS A and CLASS B are entitled to statutory damages, punitive damages, costs, and attorneys' fees for ZABARS's acts and conduct;

(d) Whether Plaintiff and members of CLASS A and CLASS B are entitled to a permanent injunction enjoining ZABARS from continuing to engage in their unlawful conduct.

30. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of CLASS A and CLASS B because her interests do not conflict with the interests of the members of CLASS A or CLASS B, the classes which Plaintiff seeks to represent. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of CLASS A and CLASS B and has no interests antagonistic to the members of CLASS A or CLASS B. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation and litigation in the federal courts.

31. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of CLASS A and CLASS B. While the aggregate damages which may be awarded to the members of CLASS A and CLASS B are likely to be substantial, the damages suffered by individual members of CLASS A and CLASS B are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of CLASS A and CLASS B to individually seek redress for the wrongs done to them. Plaintiff do not know of any other litigation concerning this controversy already commenced by or against any member of CLASS A or CLASS B. The

likelihood of the individual members of CLASS and CLASS B prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of CLASS A and CLASS B. Plaintiff know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

32. Injunctive Relief: ZABARS has acted on grounds generally applicable to the members of CLASS A and CLASS B, thereby making appropriate final injunctive relief with respect to the CLASS A and CLASS B as a whole.

## FIRST CAUSE OF ACTION

33. Plaintiff incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

34. During the relevant time periods, ZABARS repeatedly and systematically printed prohibited information – i.e., more than the last five digits or the expiration date of a consumer's credit card or debit card – on receipts it provided at the point of sale or transaction to consumers, including Plaintiff and the Class Members, in violation of 15 U.S.C. § 1681c(g).

35. Upon information and belief, ZABARS's conduct was done in accordance with ZABARS's policies, routine practices, procedures and customs for electronically printing receipts.

36. Upon information and belief, ZABARS recklessly disregarded that its use of cash registers that did not comply with the law, and that its printing of prohibited information on

customers' receipts was in contravention of Plaintiff' and the Class Members' rights. Therefore, ZABARS's violations of FCRA, as alleged by Plaintiff on behalf of herself and Class Members, were "willful" for purposes of FCRA.

37. Because of ZABARS's willful violations of § 1681c(g), Plaintiff and each of the Class Members are entitled to monetary relief under 15 U.S.C. § 1681n of not less than $100 and not more than $1,000 for each violation by ZABARS.

38. Plaintiff seeks, on behalf of herself and CLASS A and CLASS B, under 15 U.S.C. § 1681n(a), statutory damages, punitive damages, costs and attorneys fees against all of ZABARS and each of them for violations by ZABARS of 15 U.S.C. § 1681c(g).PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and the members of CLASS A and CLASS B, pray for:

1. An order certifying CLASS A and CLASS B and appointing Plaintiff as the representative of CLASS A and CLASS B and appointing the law firms representing Plaintiff as counsel for CLASS A and CLASS B;

2. An award to Plaintiff and the members of CLASS A and CLASS B of statutory damages under 15 U.S.C. § 1681n(a)(l)(A) for ZABARS's willful violations;

3. An award to Plaintiff and the members of CLASS A and CLASS B of punitive damages under 15 U.S.C. § 1681n(a)(2);

4. Payment of costs of suit herein incurred under, *inter alia*, 15 U.S.C. § 1681n(a)(3);

5. Payment of reasonable attorneys' fees under, *inter alia*, 15 U.S.C. § 1681n(a)(3);

Case 1:07-cv-07523-PKC    Document 1    Filed 08/24/2007    Page 11 of 12

6. A permanent injunction enjoining ZABARS from engaging in their unlawful violations of FACTA; and

7. For other and further relieve as the Court may deem just and proper.

### *Demand for Jury Trial*

Please take notice that Plaintiff demand trial by jury in this action.

Dated: New York, New York
August 23, 2007

                                        Respectfully submitted,

                                        Petroff & Bellin, LLP

                                        By: _____
                                                Aytan Y. Bellin
                                                One of Plaintiff' Attorneys

<u>Attorneys for Plaintiff</u>
Aytan Y. Bellin (AB: 0123)
Petroff & Bellin, LLP
60 East 42nd Street, Suite 1026
New York, New York 10165
Tel: (212) 962-2400

Brian L. Bromberg (BB: 6264)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Tel: (212) 248-7906

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAN KAUFMAN, on behalf of herself and all others similarly situated,

                        Plaintiff,

against

ZABAR'S & CO., INC.,

                        Defendant.

COMPLAINT

____ CV ____

Class Action

Jury Demanded

PETROFF & BELLI, LLP
Attorneys for Plaintiffs
60 East 42nd Street, Suite 1026
New York, New York 10165
(212) 962-2400

To

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for