HUGHES HUBBARD & REED LLP
Jeff H. Galloway
Amera Z. Chowhan
One Battery Park Plaza
New York, New York  10004
(212) 837-6000

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN KAUFMAN, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>   -against-<br><br>ZABAR'S & CO., INC.,<br><br>          Defendant. | 07 Civ. 7523 (PKC)<br><br>**ANSWER** |

   Defendant Zarbar's & Co., Inc. ("Zabars" or "Defendant"), through counsel, hereby answers the Complaint, paragraph by paragraph, as follows:

### INTRODUCTION

   1. Zabars admits that plaintiff Jan Kaufman ("Plaintiff") purports to bring an action against Zabars for allegedly violating the Fair and Accurate Credit Transactions Act.  Zabars denies knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 1 of the Complaint that do not relate to Zabars, and on that basis denies such allegations.  Zabars denies the remaining allegations contained in paragraph 1 of the Complaint, except to the extent that the allegations constitute legal conclusions, as to which no answer is required.

## THE PARTIES

2. Zabars denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and on that basis denies such allegations.

3. Paragraph 3 of the Complaint alleges legal conclusions, as to which no answer is required. To the extent that this paragraph alleges facts, Zabars denies knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies such allegations.

4. Paragraph 4 of the Complaint alleges legal conclusions, as to which no answer is required. Zabars denies that this action is properly maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

5. Zabars admits that it is a New York corporation with its principal place of business at 2245 Broadway, New York, New York 10024.

## STATUTORY BACKGROUND

6. Zabars denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and on that basis denies such allegations, except to the extent that such allegations constitute legal conclusions, as to which no answer is required.

7. Paragraph 7 of the Complaint alleges legal conclusions, as to which no answer is required.

8. Paragraph 8 of the Complaint alleges legal conclusions, as to which no answer is required. To the extent facts pertaining to Zabars are alleged in paragraph 8, Zabars denies such allegations.

9. Paragraph 9 of the Complaint alleges legal conclusions, as to which no answer is required. To the extent facts pertaining to Zabars are alleged in paragraph 9, Zabars denies such allegations.

## JURISDICTION AND VENUE

10. Paragraph 10 of the Complaint alleges legal conclusions, as to which no answer is required.

11. Zabars admits that it does business in this judicial district. Paragraph 11 of the Complaint otherwise alleges legal conclusions, as to which no answer is required.

12. Zabars denies that it conducts business "throughout this district" and that it has "violated the law in this district in the manner alleged in [the] Complaint." Zabars otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and on that basis denies such allegations, except to the extent that such allegations constitute legal conclusions, as to which no answer is required.

## FACTS

13. Zabars admits that it transacts business in the United States, accepts certain credit cards and debit cards in the course of transacting business, and uses machines that electronically print receipts for credit card and debit card transactions. Zabars otherwise denies the allegations contained in paragraph 13 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

14. Zabars denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and on that basis denies such allegations, except to the extent that such allegations constitute legal conclusions, as to which no answer is required.

15. Paragraph 15 of the Complaint alleges legal conclusions, as to which no answer is required.

16. Zabars denies the allegations contained in paragraph 16 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

17. Zabars denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint relating to entities other than

Zabars, and on that basis denies such allegations. To the extent facts pertaining to Zabars are alleged in paragraph 17, Zabars denies such allegations.

18. Zabars denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint relating to entities other than Zabars, and on that basis denies such allegations, except to the extent that such allegations constitute legal conclusions as to which no answer is required. To the extent facts pertaining to Zabars are alleged in paragraph 18, Zabars denies such allegations.

19. Zabars denies the allegations contained in paragraph 19 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

## CLASS ALLEGATIONS

20. Paragraph 20 of the Complaint alleges legal conclusions, as to which no answer is required. Zabars denies that this action is properly maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1)-23(b)(3).

21. Paragraph 21 of the Complaint alleges legal conclusions, as to which no answer is required. To the extent facts pertaining to Zabars are alleged in paragraph 21, Zabars denies those allegations.

22. Zabars denies the allegations contained in paragraph 22 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

23. Zabars denies the allegations contained in paragraph 23 of the Complaint.

24. Zabars denies the allegations contained in paragraph 24 of the Complaint.

25. Zabars denies the allegations contained in paragraph 25 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

26. Zabars denies the allegations contained in paragraph 26 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

27. Zabars denies that it has provided receipts in violation of 15 U.S.C. § 1681c(g). With regard to the remaining allegations in paragraph 27, Zabars denies knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies

such allegations, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

28. Zabars denies the allegations contained in paragraph 28 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

29. Zabars denies the allegations contained in paragraph 29 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

30. Zabars denies the allegations contained in paragraph 30 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

31. Zabars denies the allegations contained in paragraph 31 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

32. Zabars denies the allegations contained in paragraph 32 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

## FIRST CAUSE OF ACTION

33. Zabars repeats and realleges each and every statement, averment, denial and admission contained in paragraphs 1 to 32 hereof, with the same force and effect as if fully set forth herein.

34. Zabars admits that at certain relevant time periods it printed the expiration dates on some receipts. Zabars otherwise denies the allegations contained in paragraph 34 of the Complaint, except to the extent that such allegations constitute legal conclusions as to which no answer is required.

35. Zabars denies the allegations contained in paragraph 35 of the Complaint.

36. Zabars denies the allegations contained in paragraph 36 of the Complaint.

37. Zabars denies the allegations contained in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint alleges legal conclusions, as to which no answer is required. To the extent facts pertaining to Zabars are alleged in paragraph 38, Zabars denies such allegations. Zabars denies that Plaintiff is entitled to the relief described in paragraph 38.

5

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

39. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

40. The statutory damages that Plaintiff seeks would be disproportionate to the harm alleged or suffered by Plaintiff and excessive and would violate Defendant's rights under the due process clauses of the United States and applicable state Constitutions.

### THIRD AFFIRMATIVE DEFENSE

41. The claim for punitive damages is barred because any award of punitive damages in this case would violate Defendant's constitutional rights under provisions of the United States Constitution and applicable state Constitutions.

### FOURTH AFFIRMATIVE DEFENSE

42. Defendant's actions were done innocently and Defendant did not act "willfully" as required by 15 U.S.C. § 1681n(a), as a matter of law, because ambiguity in the statutory language renders it incapable of willful violation.

### FIFTH AFFIRMATIVE DEFENSE

43. The Complaint, and the purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff and any purported class members have not suffered any injury, nor do they allege that they have, by reason of any act or omission alleged in the Complaint to have been committed by Defendant.

### SIXTH AFFIRMATIVE DEFENSE

44. The Complaint, and each purported count alleged therein, is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

45. To the extent that the Complaint seeks relief for conduct of Defendant occurring before two years prior to the commencement of this action, such relief would be barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

46. Defendant's alleged conduct was fair and reasonable, was performed in good faith and was justified based on all relevant facts and laws known to Defendant at the time.

### NINTH AFFIRMATIVE DEFENSE

47. To the extent the statute upon which the Complaint purports to be based, 15 U.S.C. § 1681c(g), has been violated, any such violation was caused in whole or in part by the acts, wrongs, or omissions of other persons, entities, preexisting conditions, forces, and/or things over which Defendant had no control and for which Defendant is not responsible.

### TENTH AFFIRMATIVE DEFENSE

48. To the extent that Plaintiff has suffered any harm, such harm was caused in whole or in part by Plaintiff and/or by third-parties.

### ELEVENTH AFFIRMATIVE DEFENSE

49. The claim for injunctive relief is barred because injunctive relief under the Fair Credit Reporting Act is not available to private litigants.

WHEREFORE, Zabars demands judgment dismissing the Complaint in its entirety, together with the costs, disbursements and expenses of this action including attorneys' fees, as well as such other, further, and different relief as to this Court may deem just and proper.

### **JURY DEMAND**

Zabars demands a trial by jury on all claims and causes of action to which it is entitled to a jury trial.

Respectfully submitted,

Dated: October 19, 2007

HUGHES HUBBARD & REED LLP

By: _____/s/ Jeff H. Galloway_____
    Jeff H. Galloway
    galloway@hugheshubbard.com
Amera Z. Chowhan
chowhan@hugheshubbard.com
Attorneys for Defendant
One Battery Park Plaza
New York, New York 10004
    (212) 837-6000

## **CERTIFICATE OF SERVICE**

       I, Jeff H. Galloway, do hereby certify that I am over the age of 18 and not a party to this action and that on the 19th day of October, 2007, I did cause to be served a true and correct copy of Defendant's Answer via electronic filing on:

| | |
|---|---|
| PETROFF & BELLIN, LLP | BROMBERG LAW OFFICE, P.C. |
| Aytan Y. Bellin | Brian L. Bromberg |
| aytan.bellin@pbelderlaw.com | brian@bromberglawoffice.com |
| 60 East 42nd Street, Suite 1026 | 40 Exchange Place, Suite 2010 |
| New York, NY 10165 | New York, New York 10005 |
| (212) 962-2400 | (212) 248-7906 |

       I declare under penalty of perjury that the foregoing is true and correct.  Executed at New York, New York, this 19th day of October, 2007.

                                                  /s/ Jeff H. Galloway

60030230_5.DOC